**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000040
11-OCT-2013
08:11 AM**

NO. CAAP-10-0000040

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


BERNICE LYNN WINTERMANTEL-BAPTISTA, a.k.a.
BERNICE LYN WINTERMANTEL-BAPTISTA, individually
and as Guardian ad litem for Minor children,
NAIA A. born on February 6, 1994 and
ANELA A. born on March 23, 1995,
Plaintiff-Appellant, v. JEAN HANOHANO,
ROBERT HANOHANO, [BARBARA LARSON], ADAM LIPKA,
THOMAS ADRIANCE and THE CITY AND COUNTY OF
HONOLULU, a municipal corporation, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-0244-01)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Plaintiff-Appellant Bernice Lynn Wintermantel-Baptista
(**Plaintiff** or **Wintermantel-Baptista**) appeals from an August 30,
2010 Final Judgment entered by the Circuit Court of the First
Circuit (**Circuit Court**),[1] in favor of Defendants-Appellees Adam
Lipka (**Lipka**), Thomas Adriance (**Adriance**), and City and County of
Honolulu (**City, collectively City Defendants**), as well as
Defendants Jean Hanohano and Robert Hanohano.[2]

Wintermantel-Baptista raises three points of error on
appeal, arguing that the Circuit Court erred when it:   (1)
refused to consider the opposition memoranda and supporting
documents filed by Plaintiff in response to the City Defendants'

---

[1]     The Honorable Karl K. Sakamoto presided.

[2]     On June 17, 2010, the Circuit Court approved a stipulation to
dismiss Plaintiff's claims against Jean and Robert Hanohano.

motion for summary judgment; (2) granted summary judgment in favor of the City Defendants; and (3) denied Plaintiff's motion for reconsideration of the order granting summary judgment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Wintermantel-Baptista's points of error as follows:

(1) It is undisputed that Plaintiff's memorandum in opposition to the City Defendants' September 18, 2009 motion for summary judgment was untimely filed, without the filing of a motion for an extension of time. See Haw. R. Civ. P. 56(c); Haw. R. Cir. Ct. 7(b). Although, at the October 9, 2009 hearing on the City Defendants' motion, the Circuit Court indicated that it would not consider the Plaintiff's late-filed memorandum, the Circuit Court clearly and specifically examined whether the moving party had met its burden of demonstrating that there was no genuine issue of material fact in dispute and that the City Defendants were entitled to judgment as a matter of law on each of Plaintiff's claims. See Arakaki v. SCD-Olanani Corp., 110 Hawaiʻi 1, 6, 129 P.3d 504, 509 (2006) (quoting Amaker v. Foley, 274 F.3d 677, 680-81 (2d Cir. 2001)). Under the circumstances of this case, we cannot conclude that the Circuit Court abused its discretion in declining to consider Plaintiff's late-filed memorandum.

(2) Even assuming, arguendo, that the Circuit Court erred when it declined to consider Plaintiff's memorandum in opposition to the City Defendants' September 18, 2009 motion for summary judgment, we conclude that summary judgment was properly granted in favor of the City Defendants and against Plaintiff. As acknowledged by Plaintiff, many of the factual allegations in this case were previously litigated in a related federal court matter. In other words, many of Plaintiff's state court claims have the same factual issues present as the previously adjudicated federal claims; thus, Plaintiff's state court claims are potentially subject to collateral estoppel. "Collateral estoppel is an aspect of res judicata which precludes the

2

relitigation of a fact or issue which was previously determined in a *prior suit* on a different claim between the same parties or their privies." Omerod v. Heirs of Kaheananui, 116 Hawai'i 239, 263, 172 P.3d 983, 1007 (2007). The doctrine of collateral estoppel prevents relitigation if the following four factors are met:

> (1) the issue decided in the prior adjudication is identical to the one presented in the action in question; (2) there is a final judgment on the merits; (3) the issue decided in the prior adjudication was essential to the final judgment; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication[.]

Id. at 264, 172 P.3d at 1008. The Hawai'i Supreme Court has held that state courts, where appropriate under the doctrine of collateral estoppel, are "required to give preclusive effect" to Federal District Court findings. See Sussel v. Civil Serv. Comm'n of City & Cnty. of Honolulu, 74 Haw. 599, 612, 851 P.2d 311, 318 (1993). Therefore, collateral estoppel may apply to U.S. District Court for the District of Hawai'i Judge Michael Seabright's (**U.S. District Court's**) findings and the previously adjudicated issues that underlie Plaintiff's claims herein.

Plaintiff contends that the City Defendants violated Article I, Section 7[3] of the Hawai'i Constitution when they allegedly impounded her car and placed her children in foster care. The U.S. District Court, however, made key findings on these allegations, including that: (1) Plaintiff's car was seized by Aloha Auction Collateral Recovery acting on behalf of the Bank of Hawai'i (because her car payments were in arrears) and not the City Defendants; and (2) neither Adriance nor Lipka engaged in activity resulting in the placement of Plaintiff's

---

[3] Article I, Section 7 of the Hawai'i State Constitution states as follows:

The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches, seizures and invasions of privacy shall not be violated; and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized or the communications sought to be intercepted.

Haw. Const. art. I, § 7.

children in foster care, Lipka did not "threaten" to have CPS take Plaintiff's children, and there is no evidence to suggest that the officers conspired to take her children away.

An examination of the four collateral estoppel factors reveal that collateral estoppel applies here, and these issues are precluded from relitigation. The U.S. District Court's findings regarding the car repossession and Plaintiff's children are determinative of the merit of Plaintiff's claims under Article I, Section 7 of the Hawai'i State Constitution. Section 7 prohibits unreasonable searches and seizures, and Plaintiff is claiming that the City Defendants unconstitutionally impounded her car and seized her children. The federal court determined that the City Defendants had nothing to do with the seizure of either Plaintiff's vehicle or the removal of her children from her custody. Therefore, "the issue decided in the prior adjudication is identical to the one presented in the action in question". Omerod, 116 Hawai'i at 264, 172 P.3d at 1008 (2007).

In addition, there was a final judgment on the merits entered in the U.S. District Court and these factual findings were essential to the Federal District Court's final judgment because they provided the basis for dismissal of Plaintiff's Fourth Amendment claims. Finally, the party against whom collateral estoppel is asserted (here Plaintiff) was a party in the federal action. Therefore, summary judgment was properly granted on this claim; no genuine issue of material fact exists, and the City Defendants are entitled to judgment as a matter of law.

Plaintiff also contends that the City Defendants violated Article I, Section 5[4] of the Hawai'i State Constitution

---

[4] Article I, Section 5 of the Hawai'i State Constitution states as follows:

No person shall be deprived of life, liberty or property without due process of law, nor be denied the equal protection of the laws, nor be denied the enjoyment of the person's civil rights or be discriminated against in the exercise thereof because of race, religion, sex or ancestry.

Haw. Const. art. I, § 5.

when they held her in a police car while they investigated whether she was in violation of a temporary restraining order (an alleged due process violation) and engaged in "class of one" harassment[5] (an alleged equal protection violation). Pertinent U.S. District Court findings and conclusions included that: (1) placement of Wintermantel-Baptista in a "hot" squad car for five to ten minutes (while they investigated her alleged temporary restraining order violation) did not constitute excessive force; and (2) there is no evidence that Adriance or Lipka possessed racial animus towards Plaintiff or that City Defendants treated Plaintiff differently than other members of the public. The latter of these findings disposes of Plaintiff's equal protection claim under state law, as well as federal law. And while the scope of protections under the Hawai'i Constitution may be broader than under the U.S. Constitution (see, e.g., State v. Santiago, 53 Haw. 254, 265, 492 P.2d 657, 664 (1971)), it is unclear what circumstances Plaintiff submits are entitled to greater scrutiny under Hawai'i constitutional law, Plaintiff cites no Hawai'i authority in support of her claim that her due process rights were violated, and we find none.

Plaintiff also asserts that summary judgment was improperly entered in favor of Lipka and Adriance on the claims of intentional infliction of emotional distress, when the officers allegedly engaged in a "protracted campaign" to "single out," "harass," and "terrorize" Plaintiff. As the City Defendants argue, "non-judicial governmental officials, when acting in the performance of their public duty, enjoy the protection of" qualified immunity. Towse v. State, 64 Haw. 624, 631, 647 P.2d 696, 702 (1982) (footnote omitted). Overcoming qualified immunity requires "clear and convincing proof as to the

---

[5] In its Village of Willowbrook v. Olech case, the U.S. Supreme Court articulated what a "class of one" equal protection claim entails, explaining that it is a cause of action arising under the Equal Protection Clause "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074, 145 L. Ed. 2d 1060 (2000) (noting that "class of one" claims are not based on "membership in a class or group").

existence of malice and improper purpose". <u>See</u> <u>id.</u> at 633, 647 P.2d at 703. "[B]are allegations in the complaint which assert that the defendants were motivated by malice are not sufficient" to overcome a motion for summary judgment. <u>See</u> <u>Runnels v. Okamoto</u>, 56 Haw. 1, 6, 525 P.2d 1125, 1129 (1974).

In the present case, it is undisputed that Lipka and Adriance are "non-judicial government officials" and were "acting in the performance of their public duty" because they are police officers who were carrying out their duties as such when all of these alleged incidents occurred.[6] Thus, they are entitled to qualified immunity. In light of the U.S. District Court's findings, as well as the unsubstantiated and conclusory allegations by Plaintiff, it is clear that Plaintiff has failed to meet her threshold showing that the officers acted maliciously. Therefore, summary judgment was properly entered on these claims.

Plaintiff alleges conversion against Lipka and Adriance associated with the repossession of her car while she was being arrested. However, the U.S. District Court specifically found that Plaintiff's car was seized by a third party and not the City Defendants. For the reasons set forth above, collateral estoppel applies and she may not relitigate these facts in support of her conversion claim.

Plaintiff's remaining claims, including her claims of negligent supervision by the City over its police officers, conspiracy by Lipka and Adriance to deprive her of her property, liberty, and custody of her children, as well as to subject Plaintiff and her children to severe emotional distress, and *respondeat superior* liability of the City for the actions of its police officers, are also without merit.

(3) "The purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that

---

[6] This court has found that a "police official, as a nonjudicial officer, enjoys qualified immunity from state law claims." <u>Woodard v. Tabanara</u>, 125 Hawai'i 247, 257 P.3d 1224 (Ct. App. 2011) (unpublished disposition).

6

could not have been presented during the earlier adjudicated motion." Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 27 (1992). "Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding." Cho v. State, 115 Hawai'i 373, 384, 168 P.3d 17, 28 (2007) (citation omitted). In the present case, Plaintiff offered no new evidence or arguments that could not have been presented during the earlier adjudicated motion, including the reasons for the dilatory filing of her opposition papers. We conclude that the Circuit Court did not abuse its discretion when it denied Plaintiff's motion for reconsideration.

For these reasons, the Circuit Court's August 30, 2010 Final Judgment is affirmed.

DATED: Honolulu, Hawai'i, October 11, 2013.

On the briefs:

Walter R. Schoettle
for Plaintiff-Appellant

Curtis E. Sherwood
Deputy Corporation Counsel
City and County of Honolulu
for Defendants-Appellees
CITY AND COUNTY OF HONOLULU,
ADAM LIPKA, and THOMAS ADRIANCE

Chief Judge

Associate Judge

Associate Judge